1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SON VAN NGUYEN,                          No.  2:15-cv-2572 AC P

12                   Petitioner,

13          v.                                ORDER

14   ANDRE MATEVOUSIAN,

15                   Respondent.

16

17          Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2241.  The parties have consented to the jurisdiction of the

19   undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule

20   305(a).  ECF No. 7, 11.

21      I.      The Petition

22          Petitioner, who is incarcerated at the Federal Correctional Institution in Atwater,

23   challenges a 2003 conviction in the United States District Court for the Eastern District of

24   California for violations of (1) 18 U.S.C. § 1951(a), conspiracy to commit a robbery affecting

25   interstate commerce; (2) 18 U.S.C. § 924(c)(1), use of a firearm during a crime of violence; and

26   (3) 18 U.S.C. §§ 924(i)(1)[1] and 2, death caused by use of a firearm during a crime of violence and

27   _____

28   [1]  Subsequently redenominated as § 924(j).

                                        1

aiding and abetting. ECF No. 1 at 18. He argues that the petition is properly brought under § 2241 because "a federal prisoner may petition under § 2241 if Section 2255 remedy is inadequate or ineffective to test the legality of his detention." Id. at 24-25 (citation and internal quotation marks omitted). Petitioner further argues that "§ 2241 is available if it otherwise would be impossible to implement the Supreme Court's intervening decision." Id. at 25. Specifically, he claims that the Supreme Court's decision in Rosemond v. United States, 572 U.S. 65 (2014), renders him actually innocent and that his actual innocence is supported by evidence not presented at trial. Id. at 6-7.

II.     Challenging the Validity of a Conviction Under § 2241

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules)[2] requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

In this case, petitioner is clearly challenging the legality of his conviction and sentence. "As a general rule, '[28 U.S.C.] § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.'" Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)).

> By the terms of section 2255, a prisoner authorized to apply for section 2255 relief may not bring a section 2241 petition for a writ of habeas corpus "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief . . . ."

Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting 28 U.S.C. § 2255). "Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or

---

[2] The Rules Governing Section 2254 Cases are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Rule 4(b) of the Rules Governing Section 2255 Cases similarly requires summary dismissal if it plainly appears from the motion that the movant is not entitled to relief.

ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (quoting 28 U.S.C. § 2255). "[A] § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (citations omitted).

Under the §2255 escape hatch, a petitioner claiming actual innocence must demonstrate that it is "more likely than not" that no reasonable juror would have convicted in light of all the evidence. Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)). In determining whether petitioner had an unobstructed procedural shot, the court will consider "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy v. Pontesso, 328 F.3d 1057, 1060-61 (9th Cir. 2003)).

The question whether a petition is properly construed as one brought pursuant to § 2241 or one under § 2255 typically arises in the venue context, because § 2255 motions must be brought in the court of conviction while § 2241 petitions must be brought in the custodial court. Hernandez, 204 F.3d at 865. Here, venue is proper in either event in this case because petitioner was sentenced and is currently confined in the Eastern District of California. However, the court must still determine whether the petition is proper considered under § 2241 or § 2255 because petitioner cannot use § 2241 in an attempt to avoid the second or successive bar to bringing another § 2255 motion.

Petitioner brought his first § 2255 motion in 2007, and it was dismissed without prejudice as premature. United States v. Nguyen (Nguyen I), Case No. 2:99-cr-0433-WBS, ECF Nos. 860, 1127, 1218, 1230.[3] In 2010, he brought a second motion to vacate, which he later amended after being appointed counsel; it was denied on the merits. Nguyen I, ECF Nos. 1431, 1548, 1606,

_____

[3] This court takes judicial notice of the record in Nguyen I. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases." (citation omitted)).

1610.  Because his second § 2255 motion was decided on the merits, petitioner is precluded from

filing a subsequent § 2255 motion without first obtaining leave from the Ninth Circuit.  Since

there is no evidence that petitioner received the necessary authorization,[4] he may only proceed in

this action if the petition is properly brought under § 2241.  Accordingly, the court must

determine whether the petition qualifies for the § 2255 "escape hatch."  <u>Alaimalo v. United

States</u>, 645 F.3d 1042, 1047 (9th Cir. 2011).

A.      <u>Adequacy of § 2255 to Test Legality of Detention</u>

As addressed above, petitioner has already brought a § 2255 motion related to the

conviction at issue in this case.  The bar on second or successive petitions does not make § 2255

inadequate as remedy.  <u>Lorentsen</u>, 223 F.3d at 953 (citing <u>Moore v. Reno</u>, 185 F.3d 1054 (9th Cir.

1999)).  "[T]he general rule in this circuit is that the ban on unauthorized second or successive

petitions does not per se make § 2255 'inadequate or ineffective.'"  <u>Id.</u>  The Fourth Circuit has

discussed the circumstances that render § 2255 inadequate or ineffective, explaining that

> § 2255 is inadequate and ineffective to test the legality of a
> conviction when: (1) at the time of conviction, settled law of this
> circuit or the Supreme Court established the legality of the
> conviction; (2) subsequent to the prisoner's direct appeal and first
> § 2255 motion, the substantive law changed such that the conduct
> of which the prisoner was convicted is deemed not to be criminal;
> and (3) the prisoner cannot satisfy the gatekeeping provisions of
> § 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000).

Here, petitioner claims that he is entitled to relief based on a new substantive rule that is

retroactive.  ECF No. 1 at 35-36.  He also offers what he characterizes as new evidence in the

form of the written confession of one of his co-defendants; a letter from another co-defendant,

along with an interview summary; and sixteen sealed documents on the docket that might contain

exculpatory evidence.  <u>Id.</u> at 34, 38-39, 42-43, 47, 51-62.  The Ninth Circuit can grant leave to

file a second or successive § 2255 motion when it contains either newly discovered evidence or a

_____

[4]  Petitioner has been given leave to file a successive § 2255 motion for the specific purpose of
presenting a claim under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).  <u>See</u> <u>Nguyen I</u>, ECF
No. 1724.  The instant petition does not present a <u>Johnson</u> claim, and the claims presented here
have not been authorized by the Ninth Circuit.

new rule of constitutional law.  28 U.S.C. § 2255(h).  Newly discovered evidence must be such that "no reasonable factfinder would have found the movant guilty of the offense."  § 2255(h)(1).  A new constitutional rule must have been previously unavailable and "made retroactive to cases on collateral review by the Supreme Court."  § 2255(h)(2).  Therefore, if petitioner's characterization of his evidence is accurate, and to the extent he claims <u>Rosemond</u> is a retroactively applicable, new rule of constitutional law, § 2255 is not inadequate or ineffective.  To the contrary, these claims are more appropriately raised in a motion for leave to file a second or successive § 2255 motion, which should be brought before a §2241 petition is filed.  <u>See</u> § 2255(h).

Based on petitioner's characterization of his claims, the petition should be dismissed as an unauthorized § 2255 motion.  However, even if the court assumes that § 2255 is inadequate to test the legality of petitioner's detention, petitioner does not qualify for the "escape hatch" exception and relief is therefore unavailable to him under § 2241.

> B.    <u>Actual Innocence</u>

In order to demonstrate actual innocence, petitioner must show that it is "more likely than not" no reasonable juror would have convicted in light of all the evidence.  Petitioner argues that he is actually innocent because "during trial deliberations the District Court erroneously instructed the jury under aiding and abetting."  ECF No. 1 at 7.  Specifically, he argues that the Supreme Court's decision regarding the requisite intent for aiding and abetting in <u>Rosemond v. United States</u>, 134 S. Ct. 1240 (2014), makes him "actually innocent."  Petitioner also asserts that his actual innocence claim is supported by "clear and convincing material evidence 'not' presented" at trial.  ECF No. 1 at 7.

In order to meet the actual innocence standard and open the gateway, a petition must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  <u>Schulp</u>, 513 U.S. at 316.  To make a credible claim of actual innocence, the petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  <u>Id.</u> at 324.

The "new" evidence that petitioner alleges was not presented at trial is the written confession of Lattanophon, one of his co-defendants, which stated that petitioner was not present at the scene of the murder; a letter from another co-defendant, Chann, along with a summary of an interview with Chann, which state that petitioner was not involved in committing the crimes; and sixteen sealed documents on the docket that he argues might contain exculpatory evidence. ECF No. 1 at 34, 38-39, 42-43, 47, 51-62.

With respect to the sealed documents, petitioner's speculation that they may contain exculpatory evidence does not support a finding of actual innocence. Moreover, contrary to petitioner's assertions, these documents were not filed by the prosecutor, but counsel for one of his co-defendants, and they largely deal with budgetary matters. Nguyen I, ECF Nos. 78, 96, 101, 113, 114, 119, 120, 203, 204, 218, 243, 265-68, 272. As for the other "new" evidence, while it is true that this specific evidence was not introduced into evidence at trial, other alibi evidence that supports the same assertion was presented at trial. Id. at 23-24. Although Chann and Lattanophon did not testify at trial, the evidence offered in Chann's letter and allegedly offered in Lattanophon's confession, that petitioner was not present at the scene of the murder, is merely cumulative of other alibi evidence that was presented at trial. See Bergman v. Apfel, 207 F.3d 1065 (8th Cir. 2000) (explaining that new evidence "must be more than merely cumulative of other evidence in the record). At trial, Thao Ha, known as "Jackie," testified that she was with petitioner in Oakland at the time of the murder. ECF No. 1 at 23-24, 40; Nguyen I, RT vol. 6 at 1096-97.

Furthermore, it is not clear that the evidence petitioner seeks to present is reliable. Petitioner has not produced a copy of Lattanophon's confession. Chann's letter, alleging that it was another individual with petitioner's same name that participated in the crime, comes nearly fifteen years after the murder and seven years after the verdict.

Because the new evidence does not add to what was presented to the jury and is of uncertain reliability, the court cannot find it likely that no reasonable juror would have convicted in light of all the evidence. Schlup, 513 U.S. at 317-328 (1995). Petitioner has not met the standard required to open the gateway. Moreover, as discussed further below, even if petitioner

had made a credible showing of actual innocence, he still does not qualify for § 2241's escape hatch because he has already had an unobstructed procedural shot at presenting this claim.

With respect to petitioner's claims regarding the application of <u>Rosemond</u>, despite his framing of the issue, he is not claiming actual innocence. <u>Rosemond</u> "did not involve an actual innocence claim, but rather merely an instructional error claim." <u>Gentile v. Fox</u>, No. CV 14-1726-GAF (RNB), 2014 U.S. Dist. LEXIS 109989 *24, 2014 WL 3896065 *8 (C.D. Cal. Aug. 8, 2014). In <u>Rosemond</u>, the Supreme Court held that in order to be found guilty of aiding and abetting a § 924(c) violation, using or carrying a gun during a crime of violence, the defendant must have had advance knowledge that a firearm would be present and the jury must be instructed on the necessity of advance knowledge. <u>Rosemond</u>, 572 U.S. at 78-79. Accordingly, petitioner's innocence theory is based on alleged legal, rather than factual, innocence. ECF No. 1 at 33-34.

Petitioner argues that the "government did not meet its burden" in proving that petitioner possessed the requisite "advanced knowledge," specifically that one of his co-defendants would be armed, that a robbery would be committed, and that someone would be killed. <u>Id.</u> However, in this case, the jury found petitioner guilty of (1) conspiracy to commit a robbery affecting interstate commerce, (2) use of a firearm during a crime of violence, and (3) death caused by use of a firearm during a crime of violence and aiding and abetting. <u>Id.</u> at 18, 64-67. Because the jury convicted petitioner of using a firearm during a crime of violence, <u>Rosemond</u> is inapplicable here. Unlike <u>Rosemond</u>, there is no need to differentiate the intent to commit the crime of violence from the intent to use a firearm; petitioner was found guilty of using a firearm himself, not of aiding and abetting the use of a firearm. The same holds true for petitioner's argument that the jury should have been instructed that he required foreknowledge a robbery would be committed. Petitioner was convicted of actually taking part in the conspiracy to commit a robbery. To the extent he argues that the jury was not instructed that he required the necessary foreknowledge that someone would be killed, <u>Rosemond</u> made no findings as to the felony murder rule, which does not require the specific intent that someone be murdered. <u>Dean v. United States</u>, 556 U.S. 568, 575 (9th Cir. 2009) ("If a defendant commits an unintended homicide while committing another felony, the defendant can be convicted of murder." (citing 18

7

U.S.C. § 1111)); 18 U.S.C. § 924(j)(1) (using definition of murder found in § 1111).

Accordingly, petitioner's claim of actual innocence is not supported by Rosemond. 134 S. Ct. 1240 (2014).

Because Rosemond's holding involved an instructional error and is inapplicable to petitioner's case, petitioner is unable to demonstrate actual innocence under Rosemond. Accordingly, petitioner has not established actual innocence for the purpose of the savings clause of § 2255.

### C.     Unobstructed Procedural Shot

With respect to the second requirement for bringing a § 2241 petition under the savings clause, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." Ivy, 328 F.3d at 1060. Thus, if a habeas petitioner raises an actual innocence claim that could have been raised during trial or on direct appeal, or in a § 2255 motion prior to the lapse of the one-year limitation period, the fact that he may be procedurally barred from now raising it does not mean that § 2255's remedy is inadequate or ineffective. Even if petitioner had made a viable claim for actual innocence, he would still fall outside § 2255's savings clause because he already raised, or had the opportunity to raise, these arguments during his criminal prosecution and appeal.

During his criminal prosecution, petitioner presented alibi evidence that advanced his claim for actual innocence. ECF No. 1 at 23-25. Furthermore, his petition demonstrates that he was aware of Lattanaphon's confession at the time of trial. Petitioner's previous § 2255 motion, before it was amended by counsel, made nearly identical arguments regarding Lattanaphon's confession; and Chann's letter was available to and investigated by counsel prior to filing the amended § 2255 motion. ECF No. 1 at 39, 57-62; Nguyen I, ECF Nos. 1431, 1500, 1504. Petitioner clearly had the opportunity to raise these claims at various times during trial, on appeal, and in his previous § 2255 motion.

Whether petitioner had an unobstructed procedural shot with respect to the Rosemond decision is a separate inquiry. Although Rosemond was not decided until after petitioner's first § 2255 motion, he could have raised his claims at any time because prior to Rosemond, the Ninth

8

Circuit already required that to be guilty of aiding and abetting a defendant must have had not only knowledge, but intent. In United States v. Bancalari, the Ninth Circuit held that

> to be guilty of aiding and abetting under § 924(c), the defendant must have "directly facilitated or encouraged the use" of the firearm and not simply be aware of its use. [United States v. Medina, 32 F.3d 40, 45 (2nd Cir. 1994).] Aiding and abetting is a specific intent crime. United States v. Andrews, 75 F.3d 552, 555 (9th Cir. 1996). To sustain a conviction for aiding and abetting, the evidence must show that the defendant "specifically intended to facilitate the commission of [the principal's] crimes"; mere presence at the scene of the crime and knowledge that the crime is being committed is not enough. Id. The evidence must also show that the defendant aided and abetted "in each essential element" of the crime. [United States v.] Dinkane, 17 F.3d 1192[, 1196 (9th Cir. 1994)].

110 F.3d 1425, 1429-30 (9th Cir. 1997). In fact, petitioner raised the issue of whether the jury was properly instructed as to the intent requirements in his direct appeal and § 2255 motion, and therefore clearly had the opportunity to raise the arguments he puts forth now at the same time. United States v. Lu, 174 F. App'x 390, 395 (9th Cir. 2006); Nguyen I, ECF No. 1548 at 14-15.

Petitioner has not established a lack of an unobstructed procedural shot at raising his claims, and he is therefore not entitled to challenge his conviction under § 2241.

### D. Conclusion

For the reasons outlined above, petitioner may not challenge his conviction through a § 2241 petition and his claims are properly brought as a § 2255 motion. Since court records demonstrate that petitioner has already pursued a § 2255 motion, and there is no indication that he has received authorization from the Ninth Circuit to pursue a second or successive § 2255 motion on the grounds presented here, the court declines to construe the instant petition as a § 2255 motion.

### III. Certificate of Appealability

"Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 petition, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]." Harrison, 519 F.3d at 958 (citing Porter v. Adams, 244 F.3d 1006, 1006-07 (9th Cir. 2001)). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.  Therefore, no certificate of appealability should issue.

IV.     Plain Language Summary of this Order for a Pro Se Litigant

Your petition should be dismissed because it is an unauthorized second or successive § 2255 motion.  You cannot bring a petition under § 2241 because you have not established actual innocence and you have already had an opportunity to argue these claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's § 2241 motion (ECF No. 1) is dismissed for lack of jurisdiction.

2. No certificate of appealability shall issue.

DATED: March 25, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10